EXHIBIT 1

Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (State Bar No. 146621)
**Law Offices of Sahag Majarian II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for PLAINTIFF
LUCAS MEJIA on behalf of himself and others similarly
situated.

F I L E D
YOLO SUPERIOR COURT

NOV 0 6 2018

BY ⎯ B. KRAUSE ⎯
DEPUTY

By Fax

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YOLO

LUCAS MEJIA on behalf of himself and others similarly situated,

PLAINTIFF,

vs.

WALGREEN CO., an Illinois corporation; WALGREEN CO./ILL., a business entity unknown; and DOES 1 to 100, Inclusive.

DEFENDANTS.

Case No.: CV18-2061

CLASS ACTION

PLAINTIFF LUCAS MEJIA'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:

1. **FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, 1198, AND THE WAGE ORDERS**

2. **FAILURE TO PAY OVERTIME FOR ALL OVERTIME HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, 1198, AND THE WAGE ORDERS**

3. **FAILURE TO PROVIDE ALL LEGALLY REQUIRED AND LEGALLY COMPLIANT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 226.7, 512, 1198, AND THE WAGE**

COMPLAINT FOR DAMAGES
1

**ORDERS**

4.   **FAILURE TO PROVIDE ALL LEGALLY REQUIRED AND LEGALLY COMPLIANT REST BREAKS IN VIOLATION OF LABOR CODE SECTION 226.7, 1198, AND THE WAGE ORDERS**

5.   **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

6.   **FAILURE TO TIMELY PAY ALL UNPAID WAGES AFTER SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

7.   **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*

**DEMAND FOR JURY TRIAL**

    **NOW COMES** Plaintiff LUCAS MEJIA ("Plaintiff"), who alleges and complains against defendants WALGREEN CO., WALGREEN CO./ILL., and DOES 1 to 50, inclusive, (hereinafter, collectively referred to as "Defendants" or "DEFENDANTS"), and DOES 51 to 100 as follows:

**I.   INTRODUCTION**

    1.   This is a wage and hour class action lawsuit on behalf of Plaintiff and other current and former non-exempt employees of DEFENDANTS in California working at DEFENDANTS' distribution centers seeking: unpaid minimum wage and overtime; wages for workdays DEFENDANTS failed to provide all legally required and legally compliant meal periods; wages for workdays DEFENDANTS failed to provide all legally required and legally compliant rest periods; penalties for failure to provide complete and accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay former employees all unpaid wages following separation of employment; injunctive relief and other equitable relief, reasonable attorney's fees pursuant to Labor Code section 1194, 226(e), costs, and interest, if applicable, brought on behalf of

1  Plaintiff and others similarly situated.

2  **II.    JURISDICTION AND VENUE**

3          2.      This Court has jurisdiction over Plaintiff and the Class Members' claims because

4  Plaintiff's lawsuit seeks permanent injunction and damages for himself and the class in excess of

5  $25,000 and DEFENDANTS employed Plaintiff and other current and former employees and

6  violations occurred in Yolo County and other counties in California, including and not limited to 2370

7  E. Main Street, Woodland, California 95776, where violations occurred.

8  **III.    PARTIES**

9          3.  '   Plaintiff brings this action on behalf of himself and other members of the general

10  public similarly-situated. The named Plaintiff and the class of persons on whose behalf this action is

11  filed include current, former and/or future employees of DEFENDANTS who worked, work, or will

12  work for DEFENDANTS as non-exempt employees in California at its distribution centers. At all

13  times mentioned herein, the currently named Plaintiff is and was domiciled and a resident and citizen

14  of California and was employed by DEFENDANTS in a non-exempt position within the 4 years prior

15  to the filing of the complaint.

16          4.      Plaintiff is informed and believes and thereon alleges that Defendant WALGREEN

17  CO. is a citizen of Illinois (incorporated in and principal place of business in Illinois), is authorized

18  to do business within the State of California, and is doing business in the State of California and/or

19  that Defendants DOES 51-60 are, and at all times relevant hereto were persons acting on behalf of

20  WALGREEN CO, who violated or caused to be violated provisions of the Labor Code and/or the

21  Industrial Welfare Commission's wage orders regulating hours and days of work. Plaintiff is informed

22  and believes and thereon alleges that WALGREEN CO. operates out of 2370 E. Main Street,

23  Woodland, California 95776 and was Plaintiff's employer and suffered and permitted Plaintiff and

24  similarly situated non-exempt employees to work and exercised control over the wages, hours and

25  working conditions of employment of Plaintiff and similarly situated non-exempt employees.

26          5.      Plaintiff is informed and believes and thereon alleges that Defendant WALGREEN

27  CO./ILL. is a business entity unknown and appears authorized to do business within the State of

28  California, and is doing business in the State of California and/or that Defendants DOES 61-70 are,

1   and at all times relevant hereto were persons acting on behalf of WALGREEN CO./ILL  who violated
2   or caused to be violated provisions of the Labor Code and/or the Industrial Welfare Commission's
3   wage orders regulating hours and days of work. Plaintiff is informed and believes and thereon alleges
4   that WALGREEN CO./ILL is named as an employer on Plaintiff's wage statements and  operates out
5   of 2370 E. Main Street, Woodland, California 95776 and employed Plaintiff and other employees in
6   California, and was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated
7   non-exempt employees to work and exercised control over the wages, hours and working conditions
8   of employment of Plaintiff and similarly situated non-exempt employees.

9       6.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through
10   50 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff
11   that employed PLAINTIFF and the similarly situated California non-exempt employees, permitted
12   Plaintiff and similarly situated non-exempt employees to work, and exercised control over the wages,
13   hours and working conditions of employment of Plaintiff and similarly situated non-exempt
14   employees and/or were farming operations where Plaintiff and similarly situated non-exempt
15   employees were assigned to work.

16      7.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 51
17   through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued
18   individually and in his or her capacity as an agent, shareholder, owner, representative, manager,
19   supervisor, independent contractor and/or employee of each of the aforementioned and designated
20   defendants who violated or caused to be violated the minimum wage and overtime provisions of the
21   Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating
22   hours and days of work.

23      8.     Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff
24   sues said defendants by said fictitious names, and will amend this complaint when the true names and
25   capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by
26   law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants
27   is in some manner responsible for the events and allegations set forth in this complaint.

28      9.     Plaintiff makes the allegations in this complaint without any admission that, as to any

1    particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

2    reserves all of Plaintiff's right to plead in the alternative.

3    **IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

4          10.    **Failure to pay minimum wage for all hours worked to non-exempt distribution**

5    **center employees**: In California, an employer is required to pay an employee for all "hours worked"

6    which includes all time that an employee is under control of the employer and including all time that

7    the employee is suffered and permitted to work, whether or not the employee is required to work.

8    This includes the time an employee spends, either directly or indirectly, performing services which

9    inure to the benefit of the employer. In turn, this includes activities that are undertaken by the

10   employee only because she is compelled to do so by the necessities of the employer's business and

11   times during which an employee is prevented from using time effectively for his or her own purposes

12   to the benefit of the employer. Labor Code sections 1194, 1197, 1198 and the Wage Orders require

13   that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay

14   as established by the wage orders.

15         11.    DEFENDANTS employ hourly employees who are not exempt from minimum wage

16   or overtime, including the named Plaintiff and other current and former employees at its distribution

17   centers. DEFENDANTS failed to credit Plaintiff and other non-exempt employees at its distribution

18   centers with all of the compensable time that they worked. DEFENDANTS had a procedure of

19   recording employees' times but rounding those times to "rounded' time increments, that they

20   worked—whether this is labeled as rounding or time shaving—which failed to compensate employees

21   for all of the hours that they worked. DEFENDANTS used policies and procedures of rounding and/or

22   time shaving for distribution center employees which were used in a manner over time that resulted

23   in the failure to properly compensate the non-exempt hourly employees with wages for all the time

24   they actually worked, as there was a net deficit of compensated hours and a net economic deficit to

25   these employees viewed as a whole. In addition, DEFENDANTS required Plaintiff and other

26   distribution center non-exempt employees to pass through security checks and wait in line for

27   employees passing through security checks before their shift, after their shift, and/or if

28   leaving/entering when leaving the premises for a meal period for the benefit of DEFENDANTS;

1  however, DEFENDANTS did not compensate Plaintiff and other non-exempt, distribution center
2  employees with any wages for this time. This unpaid time associated with security checks also
3  rendered portions of the meal period on duty, requiring that the entirety of the meal period be paid.
4  In addition, DEFENDANTS had a policy and procedure at distribution centers of deducting more
5  time from an employee's compensable hours than was taken for a meal period if the meal period
6  exceeded 30 minutes. For example, if an employee's meal was 31 minutes long, DEFENDANTS
7  would deduct 35 minutes for the meal period resulting in DEFENDANTS not compensating the
8  employee for 4 minutes of the employee's compensable time. Accordingly, DEFENDANTS failed to
9  pay wages to Plaintiff and non-exempt distribution center employees for all time that they were
10  working and under control of DEFENDANTS.

11       12.     As a result of these policies, DEFENDANTS failed to compensate these employees
12  with wages at least at a minimum wage rate for all "hours worked."

13       13.     DEFENDANTS' policies and procedures were applied to Plaintiff and similarly
14  situated non-exempt distribution center employees in California and resulted in non-exempt
15  employees working time which was not compensated any wages in violation of Labor Code sections
16  1194, 1197, and the Wage Orders. DEFENDANTS owe wages at a minimum wage rate for unpaid
17  time to Plaintiff and similarly situated non-exempt employees in California.

18       14.     **Failure to pay overtime wages for all overtime hours worked to non-exempt**
19  **distribution center employees:** Labor Code sections 510 and 1194 require an employer to
20  compensate employees a higher rate of pay for hours worked in excess of 8 hours in a workday, 40
21  hours in a workweek, and on any seventh consecutive day of work in a workweek. In California, an
22  employer is required to pay an employee for all "hours worked" which includes all time that an
23  employee is under control of the employer and including all time that the employee is suffered and
24  permitted to work whether or not the employee is required to work. This includes the time an
25  employee spends, either directly or indirectly, performing services which inure to the benefit of the
26  employer. In turn, this includes activities that are undertaken by the employee only because she is
27  compelled to do so by the necessities of the employer's business and times during which an employee
28  is prevented from using time effectively for his or her own purposes to the benefit of the

1    employer. Labor Code sections 510, 1194, 1198 and the Wage Orders require that an employer

2    compensate employees for "hours worked" at a proper overtime rate for all hours that constitute

3    overtime.

4         15.    DEFENDANTS employ hourly employees who are not exempt from minimum wage

5    or overtime, including the named Plaintiff and other current and former employees at its distribution

6    centers. DEFENDANTS failed to credit Plaintiff and other non-exempt employees at its distribution

7    centers with all of the compensable time that they worked. DEFENDANTS had a procedure of

8    recording employees' times but rounding those times to "rounded' time increments, that they

9    worked—whether this is labeled as rounding or time shaving—which failed to compensate employees

10   for all of the hours that they worked. DEFENDANTS USED policies and procedures of rounding

11   and/or time shaving for distribution center employees which were used in a manner over time that

12   resulted in the failure to properly compensate the non-exempt hourly employees with wages for all

13   the time they actually worked, as there was a net deficit of compensated hours and a net economic

14   deficit to these employees viewed as a whole. In addition, DEFENDANTS required Plaintiff and

15   other distribution center non-exempt employees to pass through security checks and wait in line for

16   employees passing through security checks before their shift, after their shift, and/or if

17   leaving/entering when leaving the premises for a meal period for the benefit of DEFENDANTS;

18   however, DEFENDANTS did not compensate Plaintiff and other non-exempt, distribution center

19   employees with any wages for this time. This unpaid time associated with security checks also

20   rendered portions of the meal period on duty, requiring that the entirety of the meal period be paid.

21   In addition, DEFENDANTS had a policy and procedure at distribution centers of deducting more

22   time from an employee's compensable hours than was taken for a meal period if the meal period

23   exceeded 30 minutes. For example, if an employee's meal was 31 minutes long, DEFENDANTS

24   would deduct 35 minutes for the meal period resulting in DEFENDANTS not compensating the

25   employee for 4 minutes of the employee's compensable time. Accordingly, DEFENDANTS failed to

26   pay wages to Plaintiff and non-exempt distribution center employees for all time that they were

27   working and under control of DEFENDANTS.

28        16.    As a result of these policies, to the extent the employees had worked sufficient time to

1  entitle them to overtime (i.e., over 8 hours in a workday, over 40 hours in a workweek, or work on a
2  seventh consecutive day in a workweek), DEFENDANTS failed to compensate these employees with
3  wages at the legal overtime rate for all "hours worked."

4       17.     DEFENDANTS' policies and procedures were applied to Plaintiff and similarly
5  situated non-exempt distribution center employees in California and resulted in non-exempt
6  employees working time which was not compensated any wages in violation of Labor Code sections
7  510, 1194, 1198, and the Wage Orders. Defendants owe wages at the legal overtime rate for unpaid
8  time which constituted overtime to Plaintiff and similarly situated non-exempt distribution center
9  employees in California.

10      18.     **Failure to pay premium wages to non-exempt distribution center employees to**
11  **compensate them for workdays Defendants failed to provide all legally required and/or legally**
12  **compliant meal breaks:** California law requires an employer to provide an employee an
13  uninterrupted meal period of no less than 30-minutes before the end of a 5 hour work period during
14  which employees are relieved of all duties. (Lab. Code §§226.7, 512, 1198; Wage Orders, subd. 11.)
15  In addition, an employer may not employ an employee for a work period of more than 10 hours per
16  day without providing the employee with a second meal period of not less than 30 minutes before the
17  end of the 10th hour of work. (*Id.*) If the employee is not relieved of all duties during a 30 minute
18  meal period, the meal period is considered "on duty" and the entire meal period is counted as time
19  worked. (Wage Orders, subd. 11.) If an employee is not free to leave the work place during a meal
20  period, the employee is not relieved of all duties during the meal period and is subject to the control
21  of the employer and does not comply with the requirement of an employee being relieved of all duties
22  during their meal. (*Bono Enterprises v. Labor Commissioner* (1995) 32 Cal.App.4th 968.) Further,
23  an employer cannot impede or discourage an employee from taking a meal period off premises and
24  which they are relieved of all duties and control of the employer. (*Brinker v. Superior Court* (2012)
25  53 Cal.4th 1004, 1039.) If an employer fails to provide an employee a meal period in accordance with
26  the law, the employer must pay the employee one hour of pay at the employee's regular rate of
27  compensation for each work day that a legally required meal period was not provided or was not duty
28  free. (*Id.*)

19.   DEFENDANTS failed to implement policies and and/or implanted policies which failed to provide Plaintiff and other current and former distribution center employees with all meal periods as required by and in compliance with the law, including full duty free and timely meal periods.. DEFENDANTS used policies and procedures of rounding and/or time shaving for distribution center employees which deducted time from employees' meal periods resulting in portions of the meal period being not relieved of all duties and employer control and/or less than a 30 minute meal break being taken. Distribution center employees were required to only take a thirty minute meal break but were also required to pass through security checks and/or wait in line for employees passing through security checks during their meal period time if leaving/entering the premises during meal periods resulting in DEFENDANTS providing less than a 30 minute meal break. DEFENDANTS discouraged employees from taking a meal period off-premises by limiting an employees' ability to take a full 30 minute meal period off-premises.

20.   DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive all legally required and legally compliant meal periods. DEFENDANTS lacked a policy and procedure for compensating employees with premium wages when they did not receive all legally required and legally compliant meal periods.

21.   This practice resulted in Plaintiff and all other similarly situated employees working at distribution centers not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with all legally required and legally compliant meal periods in compliance with California law.

22.   **Failure to pay premium wages to non-exempt distribution center employees to compensate them for workdays Defendants failed to provide all legally required and/or legally compliant rest breaks:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. ... If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer

1  shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each

2  workday that the rest period is not provided." (Wage Orders, subd. 12; see Lab. Code § 226.7.) Under

3  California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six

4  hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of

5  more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004,

6  1029; Lab. Code §226.7; Wage Orders, subd. 12.) Rest periods must be in the middle of each work

7  period. (Wage Orders, subd. 12.) In addition, if an employer requires employees to stay on the

8  premises during the rest period, they are under control of the employer and they are not relieved of

9  all duties in violation of California law. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th

10  257, 271.) If an employer fails to provide an employee a timely and legally compliant rest period, the

11  employer must pay the employee one hour of pay at the employee's regular rate of compensation for

12  each work day that a legally required meal period was not provided or was not duty free. (Wage

13  Orders, subd. 12.)

14      23.    At times, DEFENDANTS would require Plaintiff and other hourly employees to stay

15  on the premises, thus, failing to relieve the employees of all duties and subjecting the employees to

16  their control. As a result of DEFENDANTS' practice and procedure, Plaintiff and similarly situated

17  non-exempt employees did not receive all legally compliant and legally required rest periods in

18  compliance with California law.

19      24.    DEFENDANTS also failed to pay employees one hour of pay at their regular rate of

20  pay for each workday Plaintiff and employees did not receive all timely and legally compliant rest

21  periods. DEFENDANTS lacked a policy and procedure for compensating employees with premium

22  wages when they did not receive all legally required and legally compliant rest periods.

23      25.    This practice resulted in Plaintiff and all other similarly situated California non-

24  exempt employees not receiving wages to compensate them for workdays which DEFENDANTS did

25  not provide them with all legally required and/or legally compliant rest periods in compliance with

26  California law.

27      26.    **Itemized Statement Stub Violations:** California Labor Code section 226(a) provides

28  (inter alia) that, upon paying an employee his or her wages, the employer must "furnish each of his

1   or her employees ... an itemized statement in writing showing: (1) gross wages earned, (2) total hours

2   worked by the employee, except for any employee whose compensation is solely based on a salary

3   and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable

4   order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any

5   applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that

6   all deductions made on written orders of the employee may be aggregated and shown as one item, (5)

7   net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the

8   name of the employee and his or her social security number, (8) the name and address of the legal

9   entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the

10   corresponding number of hours worked at each hourly rate by the employee."

11       27.   DEFENDANTS failed to provide accurate and complete wage statements to Plaintiff

12   and other non-exempt distribution center employees. Because DEFENDANTS failed to properly

13   record all compensable work time, pay all minimum wage and overtime due, and pay meal and rest

14   period premiums as asserted in more detail above; wage statements provided to Plaintiff and other

15   similarly situated distribution center employees often failed to accurately state total hours worked,

16   gross wages earned, net wages earned, and applicable hourly rates and corresponding number of hours

17   worked. DEFENDANTS also failed to accurately state the name and address of the business entity

18   that employed Plaintiff and other similarly situated distribution center employees. DEFENDANTS

19   identified the employer as Walgreen Co./Ill. Even though such entity does not appear to exist or

20   registered to do business in California. DEFENDANTS violated Labor Code section 226, subdivision

21   (a), by failing to provide wage statements which stated accurate representations of total hours worked,

22   gross wages earned, net wages earned, applicable hourly rates and corresponding number of hours

23   worked, and/or the business entity and address of the employer.

24       28.   DEFENDANTS applied these policies and procedures to Plaintiff and other non-

25   exempt distribution center employees in California which resulted in DEFENDANTS failing to

26   provide complete and accurate wage statements to non-exempt employees in compliance with Labor

27   Code section 226, subdivision (a).

28       29.   **Failure to Timely Pay Former Non-Exempt Distribution Center Employees All**

**Wages Weekly and/or After Separation of Employment**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code §201) or within 72 hours of resignation (Lab. Code §202).

30.    DEFENDANTS willfully failed to pay all wages to Plaintiff and other non-exempt distribution center employees (including unpaid minimum wage and overtime pay and premium wages for failure to provide legally compliant meal and/or rest breaks) during their employment each week and never paid these amounts after Plaintiff and other distribution center employees separated employment with DEFENDANTS. In addition, Plaintiff's employment ended on approximately December 12, 2017, but DEFENDANTS never paid Plaintiff for all of the time that he worked on his last day of work. DEFENDANTS have never provided Plaintiff or other non-exempt distribution center employees with the aforementioned unpaid minimum wage, overtime pay, and premium wages for failing to provide legally compliant and legally required meal and rest periods. DEFENDANTS had the ability to pay these employees these wages; however, DEFENDANTS put practices in place which resulted in the failure to pay Plaintiff and other employees their owed wages.

31.    As a result of the foregoing, DEFENDANTS failed to timely pay non-exempt distribution center employees after each employee's termination and/or resignation in violation of Labor Code sections 201 and 202.

## V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS

32.    Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.    **Minimum Wage Class**: All current and former non-exempt distribution employees Defendants employed in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were working or under control of Defendants for time periods Defendants did not pay wages at the legal minimum wage rate.

B.    **Overtime Class:** All current and former non-exempt distribution employees Defendants employed in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were working

1  or under control of Defendants during time periods they had already worked sufficient hours to entitle
2  them to overtime and Defendants did not pay wages for that time.

3          C.      **Meal Period Class**: All current and former non-exempt distribution employees
4  Defendants employed in California at any time within the four years prior to the filing of the initial
5  complaint in this action and through the date notice is mailed to a certified class who did not receive
6  meal periods during which they were relieved of all duties and control of Defendants for 30 minutes
7  for each five hours of worked provided prior to the end of each work period of five hours, including
8  a second meal period prior to the tenth hour of work when employees worked more than ten hours.

9          D.      **Rest Period Class**: All current and former non-exempt distribution employees
10  Defendants employed in California at any time within the four years prior to the filing of the initial
11  complaint in this action and through the date notice is mailed to a certified class who did not receive
12  wages to compensate employees for workdays Defendants failed to provide rest periods that the
13  employees wore relieved of all duties and control by Defendants.

14          E.      **Wage Statement Class**: All current and former non-exempt distribution
15  employees Defendants employed in California at any time within the one year prior to the filing of
16  the initial complaint in this action and through the date notice is mailed to a certified class who did
17  not receive complete and accurate itemized statements.

18          F.      **Waiting Time Class**: All former non-exempt employees employed by
19  Defendants in California at any time within the three years prior to the filing of the initial complaint
20  in this action and through the date notice is mailed to a certified class whose employment ended and
21  they did not receive payment of all unpaid wages within the statutory time period after separation of
22  employment.

23          G.      **California Class**: All aforementioned classes are here collectively referred to
24  as the "California Class".

25      33.    There is a well-defined community of interest in the litigation and the classes are
26  ascertainable:

27          A.      **Numerosity**: While the exact number of class members in each class is
28  unknown to plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of

1    all members is impractical under the circumstances of this case.

2          **B.**     **Common Questions Predominate**: Common questions of law and fact exist

3    as to all members of the Plaintiff classes and predominate over any questions that affect only

4    individual members of each class. The common questions of law and fact include, but are not limited

5    to:

6          i.     Whether Defendants failed to pay minimum wage or overtime to the

7    Minimum Wage Class and Overtime Class by not paying employees for all "hours worked";

8          ii.     Whether Defendants failed to provide legally required and legally

9    compliant meal breaks or owed meal period premiums to the Meal Period Class;

10         iii.     Whether Defendants failed to provide all legally required and legally

11   compliant rest breaks or owed rest period premiums to the Rest Period Class;

12         iv.     Whether Defendants failed to provide the Wage Statement Class

13   Members with accurate and complete itemized wage statements;

14         v.     Whether Defendants failed to provide the Waiting Time Class with all

15   unpaid wages within the statutory time periods each week and/or following separation of

16   employment;

17         vi.     Whether Defendants committed unlawful business acts or practices

18   within the meaning of Business and Professions Code section 17200 *et seq.*;

19         vii.     Whether Class Members are entitled to unpaid wages, penalties,

20   interest, fees and other relief in conjunction with his claims; and

21         viii.     Whether, as a consequence of Defendant's unlawful conduct, the Class

22   Members are entitled to restitution, and/or equitable relief;

23         **C.**     **Typicality**: Plaintiff's claims are typical of the claims of the class members in

24   each of the classes. Plaintiff and members of the Minimum Wage and Overtime Classes sustained

25   damages and/or loss of vested wages based on Defendants' failure to pay wages for all "hours

26   worked." Plaintiff and members of the Meal Period and Rest Period Classes sustained damages and/or

27   loss of vested wages based on Defendants' failure to provide wages for workdays Defendants failed

28   to provide all legally compliant meal periods and rest periods. Plaintiff and the members of the Wage

1  Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate

2  and/or complete itemized wage statements in compliance with Labor Code section 226. Plaintiff and

3  the members of the Waiting Time Class sustained damages arising out of Defendants' failure to timely

4  provide all unpaid and final wages due upon the end of their employment.

5        **D.**    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the

6  interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

7  other class members. Plaintiff's Counsel is qualified to conduct the litigation.

8        **E.**    **Superiority**: A class action is superior to other available means for the fair and

9  efficient adjudication of this controversy. Because individual joinder of all members of each class is

10  impractical, class action treatment will permit a large number of similarly situated persons to

11  prosecute their common claims in a single forum simultaneously, efficiently, and without the

12  unnecessary duplication of effort and expense that numerous individual actions would engender. The

13  expenses and burdens of individual litigation would make it difficult or impossible for individual

14  members of each class to redress the wrongs done to them, while important public interests will be

15  served by addressing the matter as a class action. The cost to and burden on the court system of

16  adjudication of individualized litigation would be substantial, and substantially more than the costs

17  and burdens of a class action. Individualized litigation would also present the potential for inconsistent

18  or contradictory judgments.

19        **F.**    **Public Policy Consideration**: Employers throughout the state violate wage

20  and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect

21  retaliation. Former employees are fearful of bringing actions because they perceive their former

22  employers can blacklist them in their future endeavors through negative references and by other

23  means. Class actions provide the class members who are not named in the complaint with a type of

24  anonymity that allows for vindication of their rights.

25  **FIRST CAUSE OF ACTION**

26  **FAILURE TO PAY WAGES AT MINIMUM WAGE RATE FOR ALL HOURS WORKED**

27  **IN VIOLATION OF LABOR CODE SECTIONS 1194, 1197, 1198 AND THE WAGE**

28  **ORDERS**

1    (Against DEFENDANTS WALGREEN CO., WALGREEN CO./ILL., and DOES 1 to 50 by

2    the Minimum Wage Class)

3         34.    Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein

4    by reference.

5         35.    At times relevant to this Complaint, Plaintiff and the members of the Minimum Wage

6    Class were Defendants' non-exempt employees in California and covered by Labor Code sections

7    1194, 1197, 1198 and the IWC Wage Orders.

8         36.    Pursuant to Labor Code sections 1194, 1197, 1198, and Wage Orders, Plaintiff and the

9    Minimum Wage Class are entitled to receive wages for all hours worked and those wages must be

10   paid at least at the minimum wage rate in effect during the time the employees earned the wages.

11        37.    DEFENDANTS employ hourly employees who are not exempt from minimum wage

12   or overtime, including the named Plaintiff and other current and former employees at its distribution

13   centers. DEFENDANTS failed to credit Plaintiff and other non-exempt employees at its distribution

14   centers with all of the compensable time that they worked. DEFENDANTS had a procedure of

15   recording employees' times but rounding those times to "rounded' time increments, that they

16   worked—whether this is labeled as rounding or time shaving—which failed to compensate employees

17   for all of the hours that they worked. DEFENDANTS USED policies and procedures of rounding

18   and/or time shaving for distribution center employees which were used in a manner over time that

19   resulted in the failure to properly compensate the non-exempt hourly employees with wages for all

20   the time they actually worked, as there was a net deficit of compensated hours and a net economic

21   deficit to these employees viewed as a whole. In addition, DEFENDANTS required Plaintiff and

22   other distribution center non-exempt employees to pass through security checks and wait in line for

23   employees passing through security checks before their shift, after their shift, and/or if

24   leaving/entering when leaving the premises for a meal period for the benefit of DEFENDANTS;

25   however, DEFENDANTS did not compensate Plaintiff and other non-exempt, distribution center

26   employees with any wages for this time. This unpaid time associated with security checks also

27   rendered portions of the meal period on duty, requiring that the entirety of the meal period be paid.

28   In addition, DEFENDANTS had a policy and procedure at distribution centers of deducting more

1   time from an employee's compensable hours than was taken for a meal period if the meal period

2   exceeded 30 minutes. For example, if an employee's meal was 31 minutes long, DEFENDANTS

3   would deduct 35 minutes for the meal period resulting in DEFENDANTS not compensating the

4   employee for 4 minutes of the employee's compensable time. Accordingly, DEFENDANTS failed to

5   pay wages to Plaintiff and non-exempt distribution center employees for all time that they were

6   working and under control of DEFENDANTS.

7        38.    Defendants' policies and procedures were applied to Plaintiff and similarly situated

8   non-exempt distribution center employees in California and resulted in non-exempt employees

9   working time which was not compensated any wages in violation of Labor Code sections 1194, 1197,

10   1198, and the Wage Orders. Defendants owe wages at a minimum wage rate for unpaid time to

11   Plaintiff and similarly situated non-exempt employees in California.

12        39.    Defendants' policies and procedures resulted in the Minimum Wage Class receiving

13   no wages for time periods that they were working and/or were under control of Defendants.

14        40.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Minimum

15   Wage Class have suffered damages in an amount subject to proof, to the extent that they were not

16   paid wages at a minimum wage rate for all hours worked.

17        41.    Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the

18   Minimum Wage Class are entitled to recover unpaid wages at a minimum wage rate, interest thereon,

19   liquidated damages, and attorneys' fees and costs.

20                          **SECOND CAUSE OF ACTION**

21   **FAILURE TO PAY OVERTIME WAGES FOR ALL OVERTIME HOUYS WORKED IN**

22   **VIOLATION OF LABOR CODE SECTIONS 510, 1194, 1198 AND THE WAGE ORDERS**

23   **(Against DEFENDANTS WALGREEN CO., WALGREEN CO./ILL., and DOES 1 to 50 by**

24                              **the Overtime Class)**

25        42.    Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein

26   by reference.

27        43.    At times relevant to this Complaint, Plaintiff and the members of Overtime Class were

28   non-exempt employees of Defendants in its distribution centers covered by California Labor Code

sections 510, 1194, 1198 and the Wage Orders. Labor Code sections 510 and 1194 require an employer to compensate employees a higher rate of pay for hours worked in excess of 8 hours in a workday, 40 hours in a workweek, and on any seventh consecutive day of work in a workweek. In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work whether or not the employee is required to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer. In turn, this includes activities that are undertaken by the employee only because she is compelled to do so by the necessities of the employer's business and times during which an employee is prevented from using time effectively for his or her own purposes to the benefit of the employer. Labor Code sections 510, 1194, 1198 and the Wage Orders require that an employer compensate employees for "hours worked" at a proper overtime rate for all hours that constitute overtime.

44.    DEFENDANTS employ hourly employees who are not exempt from minimum wage or overtime, including the named Plaintiff and other current and former employees at its distribution centers. DEFENDANTS failed to credit Plaintiff and other non-exempt employees at its distribution centers with all of the compensable time that they worked. DEFENDANTS had a procedure of recording employees' times but rounding those times to "rounded' time increments, that they worked—whether this is labeled as rounding or time shaving—which failed to compensate employees for all of the hours that they worked. DEFENDANTS USED policies and procedures of rounding and/or time shaving for distribution center employees which were used in a manner over time that resulted in the failure to properly compensate the non-exempt hourly employees with wages for all the time they actually worked, as there was a net deficit of compensated hours and a net economic deficit to these employees viewed as a whole. In addition, DEFENDANTS required Plaintiff and other distribution center non-exempt employees to pass through security checks and wait in line for employees passing through security checks before their shift, after their shift, and/or if leaving/entering when leaving the premises for a meal period for the benefit of DEFENDANTS; however, DEFENDANTS did not compensate Plaintiff and other non-exempt, distribution center

1    employees with any wages for this time. This unpaid time associated with security checks also

2    rendered portions of the meal period on duty, requiring that the entirety of the meal period be paid.

3    In addition, DEFENDANTS had a policy and procedure at distribution centers of deducting more

4    time from an employee's compensable hours than was taken for a meal period if the meal period

5    exceeded 30 minutes. For example, if an employee's meal was 31 minutes long, DEFENDANTS

6    would deduct 35 minutes for the meal period resulting in DEFENDANTS not compensating the

7    employee for 4 minutes of the employee's compensable time. Accordingly, DEFENDANTS failed to

8    pay wages to Plaintiff and non-exempt distribution center employees for all time that they were

9    working and under control of DEFENDANTS.

10       45.    To the extent these unpaid periods of time occurred when employees had worked

11    sufficient time to entitle them to overtime, Defendants should have paid this unpaid time at an

12    overtime rate. As a result of Defendants' failure to pay employees for all hours worked, Defendants'

13    failed to compensate these employees with overtime wages for all overtime hours worked.

14       46.    Defendants' policies and procedures resulted in the Overtime Class receiving no

15    wages for time periods that they were under control of Defendants and had already worked sufficient

16    time to entitle them to overtime.

17       47.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Overtime

18    Class have suffered damages in an amount subject to proof, to the extent that they were not paid

19    wages at the proper overtime wage rate for all hours worked.

20       48.    Pursuant to California Labor Code sections 510, 1194, 1198 and the Wage Orders

21    Plaintiff and the Overtime Class are entitled to recover unpaid wages at the applicable overtime rate,

22    interest thereon, and attorneys' fees and costs.

23                    **THIRD CAUSE OF ACTION**

24       **FAILURE TO PROVIDE ALL LEGALLY REQUIRED AND LEGALLY COMPLIANT**

25    **MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 226.7, 512, 1198 AND**

26                       **THE WAGE ORDERS**

27    **(Against DEFENDANTS WALGREEN CO., WALGREEN CO./ILL., and DOES 1 to 50 by**

28                    **the Meal Period Class)**

49.   Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein by reference.

50.   At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were non-exempt employees of Defendants in distribution centers in California and covered by California Labor Code sections 226.7, 512, 1198, and the Wage Orders. California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5 hour work period during which employees are relieved of all duties. (Lab. Code §§226.7, 512, 1198; Wage Orders, subd. 11.) In addition, an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*) If the employee is not relieved of all duties during a 30 minute meal period, the meal period is considered "on duty" and the entire meal period is counted as time worked. (Wage Orders, subd. 11.) If an employee is not free to leave the work place during a meal period, the employee is not relieved of all duties during the meal period and is subject to the control of the employer and does not comply with the requirement of an employee being relieved of all duties during their meal. (*Bono Enterprises v. Labor Commissioner* (1995) 32 Cal.App.4th 968.) Further, an employer cannot impede or discourage an employee from taking a meal period off premises and which they are relieved of all duties and control of the employer. (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1039.) If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

51.   DEFENDANTS failed to provide Plaintiff and other current and former employees with meal periods as required by law. DEFENDANTS failed to implement policies and and/or implanted policies which failed to provide Plaintiff and other current and former distribution center employees with all meal periods as required by and in compliance with the law, including full duty free and timely meal periods.. DEFENDANTS used policies and procedures of rounding and/or time shaving for distribution center employees which deducted time from employees' meal periods resulting in portions of the meal period being not relieved of all duties and employer control and/or

1   less than a 30 minute meal break being taken. Distribution center employees were required to only

2   take a thirty minute meal break but were also required to pass through security checks and/or wait in

3   line for employees passing through security checks during their meal period time if leaving/entering

4   the premises during meal periods resulting in DEFENDANTS providing less than a 30 minute meal

5   break. DEFENDANTS discouraged employees from taking a meal period off-premises by limiting

6   an employees' ability to take a full 30 minute meal period off-premises

7       52.     Defendants also failed to pay Plaintiff and similarly situated employees one hour of

8   pay at their regular rate of pay for each workday Plaintiff and employees did not receive all legally

9   required and legally compliant meal periods. DEFENDANTS did not have a policy and procedure in

10  place to pay employees when DEFENDANTS did not provide them with a legally compliant meal

11  periods.

12      53.     Because Defendants failed to afford employees meal periods in compliance with the

13  law, Defendants are liable to Plaintiff and the Meal Period Class for one hour of additional pay at the

14  regular rate of compensation for each workday that Defendants did not provide all meal periods in

15  compliance with the law.

16      54.     Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other

17  relief allowable including a missed meal break wage for each workday the employees were not

18  provided with all legally required meal periods in compliance with the law.

19                          **FOURTH CAUSE OF ACTION**

20      **FAILURE TO PROVIDE ALL LEGALLY REQUIRED AND LEGALLY COMPLIANT**

21      **REST BREAKS IN VIOLATION OF LABOR CODE SECTION 226.7, 1198, AND THE**

22                                  **WAGE ORDERS**

23      **(Against DEFENDANTS WALGREEN CO., WALGREEN CO./ILL., and DOES 1 to 50 by**

24                                  **the Rest Period Class)**

25      55.     Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein

26  by reference.

27      56.     At all times relevant to this Complaint, Plaintiff and the members of the Rest Period

28  Class were non-exempt employees of DEFENDANTS in California and covered by California Labor

1  Code section 226.7 and the Wage Orders.

2       57.     California law states that "[e]very employer shall authorize and permit all employees
3  to take rest periods, which insofar as practicable shall be in the middle of each work period. The
4  authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)
5  minutes net rest time per four (4) hours or major fraction thereof. ... If an employer fails to provide
6  an employee a rest period in accordance with the applicable provisions of this order, the employer
7  shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each
8  workday that the rest period is not provided." (Wage Orders, subd. 12; see Lab. Code § 226.7.) Under
9  California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six
10 hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of
11 more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004,
12 1029; Lab. Code §226.7; Wage Orders, subd. 12.) Rest periods must be in the middle of each work
13 period. (Wage Orders, subd. 12.) In addition, if an employer requires employees to stay on the
14 premises during the rest period, they are under control of the employer and they are not relieved of
15 all duties in violation of California law. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th
16 257, 271.) If an employer fails to provide an employee a timely and legally compliant rest period, the
17 employer must pay the employee one hour of pay at the employee's regular rate of compensation for
18 each work day that a legally required meal period was not provided or was not duty free. (Wage
19 Orders, subd. 12.)

20      58.     At times, DEFENDANTS would require Plaintiff and other hourly employees to stay
21 on the premises, thus, failing to relieve the employees of all duties and subjecting the employees to
22 their control. As a result of DEFENDANTS' practice and procedure, Plaintiff and similarly situated
23 non-exempt employees did not receive all legally compliant and legally required rest periods in
24 compliance with California law.

25      59.     DEFENDANTS also failed to pay Plaintiff and similarly situated employees one hour
26 of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all timely
27 and legally compliant rest periods. DEFENDANTS did not have a policy and procedure in place to
28 pay employees when DEFENDANTS did not provide them with a legally compliant rest periods.

1    60.    Because DEFENDANTS failed to afford employees rest periods in compliance with

2    the law, DEFENDANTS are liable to Plaintiff and the Rest Period Class for one hour of additional

3    pay at the regular rate of compensation for each workday that Defendants did not provide all rest

4    periods in compliance with the law.

5    61.    Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other

6    relief allowable including a premium rest break wage for each workday the employees were not

7    provided with all rest periods in compliance with the law.

8                              **FIFTH CAUSE OF ACTION**

9    **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN**

10                   **VIOLATION OF LABOR CODE SECTION 226**

11   **(Against DEFENDANTS WALGREEN CO., WALGREEN CO./ILL., and DOES 1 to 50 by**

12                        **the Wage Statement Class)**

13   62.    Plaintiff incorporates by reference all paragraphs above as if fully alleged herein.

14   63.    At all relevant times, Plaintiff and the other members of the Wage Statement Class

15   were non-exempt distribution center employees of DEFENDANTS and covered by Labor Code

16   Section 226.

17   64.    Pursuant to Labor Code Section 226, subdivision (a), Plaintiff and the other members

18   of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized

19   wage statement accurately stating the following:

20          (1) gross wages earned, (2) total hours worked by the employee, except
            for any employee whose compensation is solely based on a salary and
21          who is exempt from payment of overtime under subdivision (a) of
            Section 515 or any applicable order of the Industrial Welfare
22          Commission, (3) the number of piece-rate units earned and any
            applicable piece rate if the employee is paid on a piece-rate basis, (4)
23          all deductions, provided that all deductions made on written orders of
            the employee may be aggregated and shown as one item, (5) net wages
24          earned, (6) the inclusive dates of the period for which the employee is
            paid, (7) the name of the employee and his or her social security
25          number, except that by January 1, 2008, only the last four digits of his
            or her social security number or an employee identification number
26          other than a social security number may be shown on the itemized
            statement, (8) the name and address of the legal entity that is the
27          employer, and (9) all applicable hourly rates in effect during the pay
28

1    period and the corresponding number of hours worked at each hourly
     rate by the employee.

2        65.    DEFENDANTS' illegal practices (described in more detail above and below including
3    but not limited to DEFENDANTS' failure to track all hours worked, failure to pay minimum wage
4    and overtime for all hours worked, failure to pay all meal and rest period premiums for meal and rest
5    breaks that were not provided in compliance with the law) resulted in DEFENDANTS not providing
6    Plaintiff and other California non-exempt employees with accurate and complete itemized wage
7    statements in violation of Labor Code section 226. The wage statements DEFENDANTS provided to
8    employees were inadequate for reasons including but not limited to Defendants inaccurately or failing
9    to state the following: the number of hours worked, the gross wages earned, the net wages earned, the
10   hourly rates in place during the pay period with corresponding hours worked, and the name and
11   address of the legal entity that is the employer.

12       66.    DEFENDANTS' failure to provide Plaintiff and members of the Wage Statement Class
13   with accurate and complete wage statements was knowing and intentional. DEFENDANTS had the
14   ability to provide Plaintiff and members of the Class with accurate and complete wage statements but
15   intentionally provided wage statements that DEFENDANTS knew were not accurate.
16   DEFENDANTS knowingly and intentionally put in place practices which deprived employees of
17   wages and resulted in DEFENDANTS' knowing and intentional providing of inaccurate wage
18   statements.

19       67.    As a result of DEFENDANTS unlawful conduct, Plaintiff and members of the Class
20   have suffered injury in that the wage statements inaccurately stated and/or failed to state the
21   aforementioned items of information and Plaintiff and the members of the class could not promptly
22   and easily determine from the wage statement alone an accurate statement of: the gross wages earned
23   and the net wages earned.

24       68.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement
25   Class are entitled to recover actual damages or fifty dollars for the initial pay period in which a
26   violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor
27   Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand
28   dollars per employee.

1    69.    Pursuant to Labor Code Section 226(g), Plaintiff and members of the Wage Statement

2  Class are entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with

3  Labor Code Section 226(a). Injunctive relief is warranted because DEFENDANTS continue to

4  provide currently employed members of the Class with inaccurate wage statements in violation of

5  Labor Code Section 226(a) and currently employed members of the Class have no adequate legal

6  remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing

7  unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS comply

8  with Labor Code Section 226(a)

9    70.    Pursuant to Labor Code Sections 226(e) and 226(g), Plaintiff and members of the Class

10 are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable

11 attorney fees, and costs of suit.

12                          **SIXTH CAUSE OF ACTION**

13 **FAILURE TO TIMELY PAY UNPAID WAGES WEEKLY OR AFTER SEPARATION OF**

14    **EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

15 **(Against DEFENDANTS WALGREEN CO., WALGREEN CO./ILL., and DOES 1 to 50 by**

16                          **the Waiting Time Class)**

17    71.    Plaintiff incorporates the paragraphs above as if fully alleged herein.

18    72.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting

19 Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to

20 termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to

21 discharge immediately upon termination. Employees who resigned were entitled to payment of all

22 wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if

23 they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid

24 prior to resignation at the time of resignation.

25    73.    DEFENDANTS willfully failed to pay Plaintiff and other non-exempt employees with

26 all wages (including unpaid minimum wage and overtime pay and premium wages for failure to

27 provide legally compliant meal and/or rest breaks) during their employment and never paid these

28 amounts after Plaintiff and other California employees separated employment with DEFENDANTS.

1  In addition, Plaintiff's employment ended on approximately December 12, 2017, but DEFENDANTS
2  never paid Plaintiff for all of the time that he worked on his last day of work. DEFENDANTS have
3  never provided Plaintiff or other non-exempt distribution center employees with the aforementioned
4  unpaid minimum wage, overtime pay, and premium wages for failing to provide legally compliant
5  and legally required meal and rest periods. DEFENDANTS had the ability to pay these employees
6  these wages; however, DEFENDANTS put practices in place which resulted in the failure to pay
7  Plaintiff and other employees their owed wages.

8      74.    DEFENDANTS willfully failed to timely pay Plaintiff and members of the Waiting
9  Time Class all unpaid wages weekly and/or prior to termination or within 72 hours of resignation in
10  accordance with Labor Code Sections 201 or 202. DEFENDANTS had the ability to pay all wages
11  earned by hourly workers weekly, prior to termination, and/or within 72 hours of resignation in
12  accordance with Labor Code Sections 201, 201.3, or 202, but intentionally adopted policies or
13  practices incompatible with the requirements of Labor Code Sections 201 or 202. DEFENDANTS'
14  practices are described in further detail above. When DEFENDANTS failed to timely pay hourly
15  workers all unpaid wages earned weekly, at the time of termination, or within 72 hours of resignation,
16  DEFENDANTS knew what they were doing and intended to do what they did.

17      75.    Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting
18  Time Class are entitled to all wages earned that DEFENDANTS did not pay them.

19      76.    Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time Class
20  are entitled to continuation of their wages, from the day their earned and unpaid wages were due until
21  paid, up to a maximum of 30 days.

22      77.    As a result of DEFENDANTS conduct, Plaintiff and members of the Waiting Time
23  Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all
24  wages earned prior to the time they were due.

25      78.    As a result of DEFENDANTS conduct, Plaintiff and members of the Waiting Time
26  Class have suffered damages in an amount, subject to proof, to the extent they were not paid all
27  continuation wages owed under Labor Code Section 203.

28      79.    Pursuant to Labor Code Sections Plaintiff and members of the Waiting Time Class are

1  entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and

2  interest thereon.

3  **SEVENTH CAUSE OF ACTION**

4  **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS**

5  **CODE SECTION 17200, *et seq.***

6  **(Against DEFENDANTS WALGREEN CO., WALGREEN CO./ILL., and DOES 1 to 50 by**

7  **the California Class)**

8      80.    Plaintiff incorporates paragraphs set forth above as if fully alleged herein.

9      81.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

10  within the meaning of Business and Professions Code Section 17200. This unfair conduct includes

11  DEFENDANTS' use of policies and procedures which resulted in DEFENDANTS' failure to provide:

12  minimum wage for all hours worked, overtime for all overtime hours worked, all legally required and

13  timely meal periods or meal period premium wages, all legally required and timely rest periods or

14  rest period premium wages, provision of complete and accurate wage statements, and timely payment

15  of weekly wages and/or final wages after separation of employment, all as described in more detail

16  above. Due to DEFENDANTS' unfair and unlawful business practices in violation of the Labor Code,

17  DEFENDANTS have gained a competitive advantage over other comparable companies doing

18  business in the State of California that comply with their obligations to provide: minimum wage for

19  all hours worked, overtime for overtime hours worked, all legally required and legally compliant meal

20  periods or meal period premium wages, all legally required and legally complaint rest periods or rest

21  period premium wages, and timely payment of weekly and final wages.

22      82.    As a result of DEFENDANTS' unfair competition as alleged herein, Plaintiff and

23  members of the California Class have suffered injury in fact and lost money or property, as described

24  in more detail above.

25      83.    Pursuant to Business and Professions Code Section 17203, Plaintiff and members of

26  the California Class are entitled to restitution of all wages and other monies rightfully belonging to

27  them that DEFENDANTS failed to pay them and wrongfully retained by means of their unlawful and

28  unfair business practices. Plaintiff also seeks an injunction against DEFENDANTS on behalf of the

1   California Class enjoining them, and any and all persons acting in concert with them, from engaging
2   in each of the unlawful practices, policies and patterns set forth herein.

3                                  **PRAYER FOR RELIEF**

4   **WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE**
5   **SIMILARLY-SITUATED, PRAYS AS FOLLOWS:**

6

7   **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES**
8                                   **OF ACTION:**

9       1.      That the Court determine that this action may be maintained as a class action (for the
10  entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil
11  Procedure section 382 and any other applicable law;

12      2.      That the named Plaintiff be designated as class representative for the California Class
13  (and all sub-classes thereof);

14      3.      A declaratory judgment that the practices complained herein are unlawful; and,

15      4.      An injunction against Defendants enjoining them, and any and all persons acting in
16  concert with them, from engaging in each of the unlawful practices, policies and patterns set forth
17  herein.

18                          **ON THE FIRST CAUSE OF ACTION:**

19      1.      That the Defendants be found to have violated the minimum wage provisions of the
20  Labor Code and the IWC Wages Orders as to the Plaintiff and the Minimum Wage Class;

21      2.      For damages, according to proof, including but not necessarily limited to unpaid
22  wages;

23      3.      For any and all legally applicable penalties;

24      4.      For liquidated damages pursuant to Labor Code section 1194.2;

25      5.      For pre-judgment interest, including but not limited to that recoverable under
26  California Labor Code section 1194, and post-judgment interest;

27      6.      For attorneys' fees and costs of suit, including but not limited to that recoverable under
28  California Labor Code section 1194; and,

1    7.    For such and other further relief, in law and/or equity, as the Court deems just or

2    appropriate.

3    **ON THE SECOND CAUSE OF ACTION:**

4    1.    That the Defendants be found to have violated the overtime provisions of the Labor

5    Code and the IWC Wages Orders as to the Plaintiff and the Overtime Class;

6    2.    For damages, according to proof, including but not necessarily limited to unpaid

7    wages;

8    3.    For any and all legally applicable penalties;

9    4.    For pre-judgment interest, including but not limited to that recoverable under

10   California Labor Code section 1194, and post-judgment interest;

11   5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under

12   California Labor Code section 1194; and,

13   6.    For such and other further relief, in law and/or equity, as the Court deems just or

14   appropriate.

15   **ON THE THIRD CAUSE OF ACTION:**

16   1.    That the Defendants be found to have violated the meal break provisions of the Labor

17   Code and the IWC Wages Orders as to the Plaintiff and the Meal Period Class;

18   2.    For damages, according to proof, including unpaid wages;

19   3.    For any and all legally applicable penalties;

20   4.    For pre-judgment interest, including but not limited to that recoverable under

21   California Labor Code section 218.6, and post-judgment interest; and

22   5.    For such and other further relief, in law and/or equity, as the Court deems just or

23   appropriate.

24   **ON THE FOURTH CAUSE OF ACTION:**

25   1.    That the Defendants be found to have violated the rest break provisions of the Labor

26   Code and the IWC Wages Orders as to the Plaintiff and the Rest Period Class;

27   2.    For damages, according to proof, including unpaid wages;

28   3.    For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE FIFTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to the Wage Statement Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226(e) and any other legally applicable damages or penalties;

3.      For pre-judgment interest and post-judgment interest;

4.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 226(e); and,

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SIXTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated the provisions of the Labor Code regarding timely payment of wages due as to the Waiting Time Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.      For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SEVENTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2.      A declaratory judgment that the practices complained herein are unlawful;

3.      An injunction against Defendants enjoining them, and any and all persons acting in

1    concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

2    herein;

3          4.      For restitution to the full extent permitted by law; and,

4          5.      For such and other further relief, in law and/or equity, as the Court deems just or

5    appropriate.

6

7    Dated: November 6, 2018              Respectfully submitted,
                                          LAVI & EBRAHIMIAN, LLP
8

9

10                                        By:
                                             Joseph Lavi, Esq.
11                                           Jordan D. Bello, Esq.
                                             Attorneys for PLAINTIFF
12                                           LUCAS MEJIA and Other Class Members

13

14                       DEMAND FOR JURY TRIAL

15        PLAINTIFF LUCAS MEJIA demands a trial by jury for himself and the Class on all claims

16   so triable.

17

18   Dated: November 6, 2018              Respectfully submitted,
                                          LAVI & EBRAHIMIAN, LLP
19

20

21                                        By:
                                             Joseph Lavi, Esq.
22                                           Jordan D. Bello, Esq.
                                             Attorneys for PLAINTIFF
23                                           LUCAS MEJIA and Other Class Members

24

25

26

27

28

COMPLAINT FOR DAMAGES
31